UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>IONUT MADALIN ZAMFIR and DANIEL ANDRONACHE,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cr-00180-LK<br><br>ORDER GRANTING MOTION FOR DEPOSITION OF A MATERIAL WITNESS |

　　This matter comes before the Court on the Government's Motion for a Deposition of a Material Witness. Dkt. No. 57. The Government requests, pursuant to Federal Rule of Criminal Procedure 15(a)(1), that the Court authorize the material witness deposition of Ahmed Bascracea ("A.B."). *Id.* at 1. Defendant Ionut Zamfir objects to the proposed deposition, Dkt. No. 58 at 1, and Defendant Daniel Andronache has not responded to the Government's motion. Having considered the motion, Mr. Zamfir's response, and the remainder of the record, the Court grants the request for the reasons discussed below.

ORDER GRANTING MOTION FOR DEPOSITION OF A MATERIAL WITNESS - 1

## I. BACKGROUND

On February 7, 2024, Mr. Zamfir and Mr. Andronache were charged by superseding indictment with one count of Conspiracy to Illegally Transport Certain Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(I), and 12 counts of Illegal Transportation of an Alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(II). Dkt. No. 51 at 1–7. Defendants pleaded not guilty to all charges and remain in custody. Dkt. Nos. 53–54, 56. Trial is scheduled to begin on April 29, 2024. Dkt. No. 50.

The Government moves to depose A.B. as a material witness in this case because Mr. Zamfir and Mr. Andronache picked him up as one of their 12 passengers after he unlawfully crossed from Canada into the United States on November 9, 2023. Dkt. No. 57-2 at 5. At trial, A.B.—a Romanian citizen whom federal agents have interviewed on two occasions—can (1) confirm his lack of legal status, (2) identify the Defendants, and (3) testify about the details of what occurred on November 9, 2023. *Id.* at 5, 7. The Government, however, is concerned about A.B.'s availability for trial. *Id.* at 7.

Immigration authorities released A.B. from detention under location monitoring supervision on November 22, 2023. *Id.* at 5–6. On January 19, 2024, the Government served A.B. with a trial subpoena. *Id.* at 6. On or about January 24, 2024, A.B. cut his location monitoring bracelet while in the Seattle area. *Id.* He was apprehended on February 4, 2024 near Plattsburgh, New York while attempting to cross into Canada, and then arrested pursuant to a material witness warrant. *Id.* at 6–7. On February 6, 2024, he appeared in the United States District Court for the Northern District of New York and waived his right to a hearing. Dkt. No. 57 at 2; *see United States v. Bascracea*, 8:24-mj-00062-GLF-1, Dkt. No. 6 (N.D.N.Y. Feb. 6, 2024). He has since been transferred back to this district. Dkt. No. 59 at 2. On March 5, 2024, Magistrate Judge Theiler granted the United States' motion to detain A.B. "pursuant to 18 U.S.C. § 3144 for a reasonable

ORDER GRANTING MOTION FOR DEPOSITION OF A MATERIAL WITNESS - 2

period until his deposition can be taken pursuant to the Federal Rules of Criminal Procedure."
*United States v. Bascracea*, 2:24-mj-00074-SKV, Dkt. No. 14 at 1–2 (W.D. Wash. Mar. 5, 2024).

## II. DISCUSSION

### A. Legal Standard

The Government's motion implicates the interplay between Federal Rule of Criminal Procedure 15, which permits depositions in criminal cases when certain conditions have been met, and 18 U.S.C. § 3144, which governs detention of material witnesses. Rule 15 provides in pertinent part:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

Under 18 U.S.C. § 3144,

> No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

In other words, 18 U.S.C. § 3144 generally prohibits detention of material witnesses if their testimony can be secured by deposition. Besides its specific provisions regarding detention, Section 3144 also provides that once the court authorizes the arrest of a material witness, that witness is to be treated in accordance with 18 U.S.C. § 3142, governing release and detention questions generally.

### B. Exceptional Circumstances Exist to Preserve A.B.'s Testimony

The Government argues that exceptional circumstances and the interests of justice warrant a Rule 15 deposition to preserve A.B.'s testimony for trial because A.B. cut his location monitoring

bracelet after being served a trial subpoena and thereafter attempted to cross into Canada. Dkt. No. 57 at 1, 3; *see also* Dkt. No. 59 at 2. Specifically, the Government contends that despite not being charged with a crime, A.B.'s "flight attempts demonstrate that even after deposition, he may try to flee before . . . trial." Dkt. No. 57 at 3. Mr. Zamfir objects to A.B.'s proposed deposition because it is unclear if his counsel "will be prepared to effectively cross-examine the witness." Dkt. No. 58 at 1.

To determine whether "exceptional circumstances" exist, courts generally consider whether (1) the witness is available for trial; (2) there has been a good faith effort to obtain the witness's presence at trial; (3) the testimony would be favorable and material; and (4) the witness is available and willing to be deposed. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995); *United States v. Lynch*, No. 18-CR-00577-CRB-1, 2023 WL 7927764, at *1 (N.D. Cal. Nov. 15, 2023); *United States v. Torre-Sanchez*, No. 12-CR-00833-LHK, 2014 WL 4370538, at *2 (N.D. Cal. Sept. 3, 2014). However, "Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case"; it "only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998); *see also United States v. Rodriguez-Sifuentes*, 637 F. App'x 1016, 1017 (9th Cir. 2016) ("[A] conclusive showing of unavailability is required only to use a deposition in a criminal trial, not to allow the deposition to be taken so that the testimony can be preserved for possible eventual use[.]").

Here, the Court finds that exceptional circumstances exist under Rule 15(a) to secure A.B.'s testimony for possible use at trial and that doing so is in the interest of justice. First, the Government made a good faith effort to obtain A.B.'s presence at trial by serving him with a trial subpoena. Dkt. No. 57-2 at 6. Second, A.B.'s expected testimony would be material and favorable

to the Government's case. *Id.* at 7. And third, while A.B. states that he "ha[s] every intention" of staying with family in the vicinity "until the trial where [he is] subpoenaed to testify," *United States v. Bascracea*, 2:24-mj-00074-SKV, Dkt. No. 11 at 2 (W.D. Wash. Mar. 4, 2024), the Government has demonstrated a sufficient likelihood of his unavailability based on his recent flight attempts. *Cf. United States v. Long Van Nguyen*, No. CR12-212-RSL, 2013 WL 2402957, at *2 (W.D. Wash. May 31, 2013) ("[T]he Court cannot ignore the uncertainty of the witnesses' future willingness to travel."). These flight attempts demonstrate that even after deposition, he may try to flee before trial. As a result, using a deposition to preserve A.B.'s testimony is appropriate.

A.B.'s detention as a material witness pursuant to 18 U.S.C. § 3144 also weighs in favor of ordering his deposition because such testimony serves as a procedural predicate for his release. *United States v. Lai Fa Chen*, 214 F.R.D. 578, 580 (N.D. Cal. 2003); *see United States v. Bascracea*, 2:24-mj-00074-SKV, Dkt. No. 14 (W.D. Wash. Mar. 5, 2024) (detention order). The Ninth Circuit has explained that "when Rule 15(a) and § 3144 are read together, a 'district court *must* order [a material witness'] deposition and prompt release' when it has been demonstrated that the material witness' 'testimony can adequately be secured by deposition, and that further detention is not necessary to prevent a failure of justice.'" *United States v. Matus-Zayas*, 655 F.3d 1092, 1100 (9th Cir. 2011) (quoting *Torres-Ruiz v. U.S. Dist. Ct. for the S.D. of Cal.*, 120 F.3d 933, 935 (9th Cir. 1997) (per curiam)). Preserving A.B.'s testimony through a deposition is in the interest of justice because it could shorten his detention as a material witness.

As for Mr. Zamfir's concerns relating to preparation for the deposition, the Government has provided the following assurances: (1) it "will work to provide the defense with reasonable and advance notice of the proposed time and location for A.B.'s Rule 15 deposition," Dkt. No. 57 at 3; (2) it was up to date on its discovery productions and had produced "all reports and recordings of law enforcement's prior interviews of A.B." prior to the date Mr. Zamfir filed his opposition;

(3) it will "make an early disclosure of grand jury transcripts" before any deposition is conducted; and (4) although the Government's review of A.B.'s cellular device is ongoing, it will "produce responsive discovery from A.B.'s phone promptly after it is received," Dkt. No. 59 at 1–2. The Court finds that these assurances adequately address Mr. Zamfir's concerns.

### III. CONCLUSION

Having considered the Government's motion and the remainder of the record, the Court GRANTS the motion for a Rule 15 deposition. *See, e.g.*, *Lai Fa Chen*, 214 F.R.D. at 582 ("The statutory scheme underlying Rule 15 and Section 3144 sanctions early depositions of material witnesses who may later be deported or flee from the jurisdiction of the district court."). The parties shall conduct a deposition of A.B. in accordance with the requirements of Rule 15 at a time agreeable to all parties.[1]

Dated this 7th day of March, 2024.

Lauren King
United States District Judge

---

[1] To the extent the Government requests permission to use A.B.'s deposition testimony at trial, *see* Dkt. No. 57-1 at 2, such request is premature. *See, e.g.*, *Long Van Nguyen*, 2013 WL 2402957, at *3 (citing Fed. R. Crim. P. 15(f)); *United States v. Gianis*, No. CR04-0334-JCC, 2008 WL 750587, at *3 (W.D. Wash. Mar. 18, 2008). Likewise, Defendants' objections regarding the Government's "attempts to use the testimony at trial" will be addressed at the appropriate juncture. Dkt. No. 58 at 2; *see also* 8 U.S.C. § 1324(d).